IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH A. SYNODIS, | § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:20-CV-1956-D |
| WAL-MART STORES TEXAS, LLC, | § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed slip-and-fall lawsuit brought by plaintiff Sarah A. Synodis ("Synodis") against defendant Wal-Mart Stores Texas, LLC ("Walmart"), Walmart moves for summary judgment. The court grants the motion as to Synodis' negligence claim and denies it as to her premises liability claim.[1]

I

According to Synodis, on August 6, 2019 she injured her knee and back while shopping with her grandmother at a Walmart store located in Garland, Texas.[2] Synodis was walking and her grandmother was riding an electric cart. The two entered the store's water

___

[1]Briefing on this motion concluded on September 29, 2021. The court is deciding it on an expedited basis because the parties are scheduled to mediate on October 8, 2021, and the case is set for trial on the two-week docket of November 15, 2021.

[2]In recounting the factual background, the court summarizes the evidence in the light most favorable to Synodis as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

section side-by-side to purchase water products. Synodis' grandmother stopped her cart because a wooden pallet, situated halfway in the floor, prevented both of them from going through. As Synodis walked around the pallet looking for water for her grandmother, she fell, twisting her knee and hitting it on the pallet of waters, injuring both her knee and back. After Synodis got up from her fall, she and her grandmother decided to leave the store, and they headed to the front. Synodis then decided to report the incident to a manager. The manager with whom Synodis spoke said she had taken pictures of the area with her phone, admitted that the incident was Walmart's fault, apologized to Synodis, asked if she could get anything for Synodis and offered her water, and told Synodis she needed to complete a report form.[3]

Synodis now sues Walmart, alleging that it is liable on a theory of negligence. She asserts in her state-court petition that Walmart was negligent in failing (1) to inspect the premises on a regular basis, (2) to perform needed repairs, (3) to place signs warning invitees, (4) to instruct or train its agents, servants, and employees to maintain a hazard-free environment, and (5) to supervise its agents, servants, and employees to ensure the safety of invitees.

---

[3]Synodis relies on statements that the manager allegedly made to her at the time, including the manager's apology and admission that the accident was Walmart's fault. Walmart objects to Synodis' reliance on the manager's apology and admission of fault. Without suggesting a view on whether Synodis will be able to establish a hearsay exception and introduce the manager's alleged apology and admission of fault at trial, the court can disregard this evidence because, even without it, there are genuine fact issues that preclude summary judgment.

Walmart moves for summary judgment on the following grounds: that Synodis' negligence claim is improperly characterized, and she does not have evidence on each element of her negligence claim; and that Synodis' unpleaded premises liability claim fails as a matter of law because she has no competent summary judgment evidence to support each element of that claim, and the summary judgment evidence (the depositions of Synodis and her grandmother) shows that Walmart had no actual or constructive notice of any allegedly dangerous condition. Synodis opposes the motion.[4] The court is deciding the motion on the briefs.[5]

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the

---

[4]Walmart filed its motion on August 11, 2021, making Synodis' response due on September 1, 2021. But she did not respond until September 15, 2021, after the court requested a status report concerning whether the parties intended that their forthcoming mediation take place before further summary judgment briefing was filed, or whether the motion was ripe for disposition. Nevertheless, because Synodis' failure to file a timely response has not interfered with the decisional process of the court and Walmart in its reply brief has deferred to the court regarding whether the late response should be allowed, the court will consider Synodis' response.

[5]Walmart filed an appendix in support of its reply brief. The court has not considered the reply appendix because it was filed without leave of court. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court).

moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d at 1076.

### III

The court turns first to Synodis' negligence claim. Walmart is correct that the negligence claim fails as a matter of law and that Synodis must recover, if at all, under a premises liability theory. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The court therefore grants Walmart's summary judgment motion insofar as it seeks dismissal of Synodis' negligence claim.

### IV

The court now turns to Synodis' premises liability claim.[6]

To recover on this claim, Synodis must prove that (1) a condition on the premises

---

[6]Although in her state-court petition Synodis labels her claim against Walmart as a negligence claim, the nature of the factual allegations in ¶¶ 6 through 10 is sufficient to put Walmart on notice that Synodis is seeking relief on a theory of premises liability, albeit mistakenly denominated as a negligence claim.

posed an unreasonable risk of harm; (2) Walmart knew or reasonably should have known of the danger; (3) Walmart did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused Synodis' injuries. *See Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Walmart maintains that there is an absence of evidence on each element of this claim. In particular, it contends that the testimony of Synodis and her grandmother shows that Walmart did not have notice of any allegedly dangerous condition.

Even if the court disregards the Walmart manager's alleged apology and admission of fault, *see supra* at note 3, there is evidence in the record that precludes summary judgment. For example, on the question whether Walmart had actual or constructive notice of any allegedly dangerous condition, Synodis provided the following testimony at her deposition:

> The manager described it to me of what had happened. They had got a shipment in that morning, and the workers that were there put the pallets out. And, there were nails inside the pallet. When they were dumping the — the cases of water onto it, she said it — it may have been from when they threw it down onto the pallet, that it caused the water to break. And, it leaked from there.

ECF No. 22-2 at 10-11.[7] Viewing this evidence favorably to Synodis and drawing all

---

[7] The court agrees with criticisms Walmart makes in its reply brief of Synodis' failure to cite the summary judgment record. But the summary judgment record in this case is so thin that the court declines to disregard evidence that it has easily located and that creates a genuine issue of material fact. This approach is undoubtedly the exception rather than the rule since district courts have no obligation to search the record for evidence that is not properly cited. Summary judgment nonmovants who fail to adequately cite the record do so at their peril.

reasonable inferences in her favor, the court holds that a reasonable jury could find that Walmart employees actually knew that water from containers on the wooden pallet had leaked onto the floor due to holes caused by nails inside the pallet. And there are genuine fact issues as to each of the other elements of Synodis' premises liability claim.[8]

Accordingly, although Synodis' premises liability claim narrowly survives summary judgment, it does warrant a trial.

\* \* \*

For the reasons explained, the court grants Walmart's summary judgment motion insofar as it seeks dismissal of Synodis' negligence claim and denies it to the extent it seeks dismissal of her premises liability claim.

**SO ORDERED**.

September 30, 2021

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[8]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at \*17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).